IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ROSEMARY T. BARKSDALE,**                                                                **PLAINTIFF**

v.                                                   No. 4:04CV61-EMB

**UNION PLANTERS (a/k/a Magnolia Federal Bank),**
a Mississippi banking corporation, and Officers,
**Richard Callicut and Jackson Moore**                        **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Rosemary T. Barksdale filed this action on March 2, 2004. The parties herein have consented to trial and entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Now, before the Court is defendant's motion for summary judgment and supporting brief and plaintiff's response. Having fully considered the foregoing and the applicable law, for the reasons set out below, the Court is of the opinion that summary judgment should be granted to defendant.

### Facts

Plaintiff, a black female, is a former employee of Magnolia Federal Bank ("Magnolia"), which was acquired by Union Planters. Plaintiff's claim is that upon dissolution of Magnolia's retirement plan, she received a lesser amount than two white females, Joann Mascagni and Dianne Lloyd, because of her race, sex and age.

As an employee of Magnolia, plaintiff participated in the Retirement Plan for Employees of Magnolia Federal Bank for Savings (the "Plan"). Upon termination of the Plan, benefits were calculated and distributed in accordance with the provisions of the Plan Document. The Wyatt

Company located in Memphis, Tennessee served as actuary of the Plan and performed the calculations to ensure that each employee's benefit was determined in accordance with the requirements of the IRS and ERISA. Watson Wyatt was not aware of the race of the Plan participants and applied the same four steps in calculating benefits for each participant.

Defendant has provided the affidavit of Lauranne Wyatt, the analyst from Watson Wyatt who performed the actual benefit calculations under the Plan. Ms. Wyatt's affidavit details a four step calculation that was involved in arriving at the benefit amount for each Plan participant. Variables considered in these four steps included the employees' years of service, earnings and age and guidelines under the Internal Revenue Code. Under the Plan, Ms. Lloyd's benefit was $36,952.00; Ms. Mascagni's benefit was $106,669.00; and plaintiff's benefit was $32,143.00.

Prior to termination of the Plan, Watson Wyatt submitted an application for determination for terminating the Plan to the IRS, setting forth how the termination would be administered. In response, the IRS issued a favorable determination letter indicating the Plan termination met the requirements of the Internal Revenue Code. After termination of the Plan, the Plan termination was audited by the Pension Benefit Guarantee Corporation, which certified that the termination had been conducted in accordance with Title IV of ERISA, as amended.

Plaintiff filed a charge with the EEOC in July, 1998. On July 31, 1998, the EEOC issued a no cause determination. Plaintiff never received the right to sue letter mailed by the EEOC. However, approximately five years and five months after filing her charge, plaintiff inquired of the EEOC regarding the status of her case. Thereafter, the EEOC issued a new right to sue letter on December 1, 2003. Plaintiff filed the instant suit on March 2, 2004, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Employee Retirement Income Security Act ("ERISA") and the Equal Pay Act ("EPA").

## **Summary Judgment Standard**

Summary Judgment is appropriate under Rule 56 when " . . . the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 110 S.Ct. 3177, 3189, 111 L.Ed.2d 695 (1990). To that end, the court must "view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Wyatt v. Hunt Plywood*, 297 F.3d 405, 409 (5th Cir.2002). Where the record taken as whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Washington v. Allstate Ins. Co.*, 901 F.2d 1281 (5th Cir.1990).

Furthermore, the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case. *Celotex*, 106 S.Ct. at 2553; *see Lujan*, 110 S.Ct. at 3187. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. If the movant does, however, meet this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 106 S.Ct. at 2553-54. A dispute over a material fact is genuine, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Kee v. City of Rowlett Texas*, 247 F.3d 206, 210 (5th Cir.2001). This burden is not satisfied with "some metaphysical doubt as to the material facts," *Matsushita*, 106 S.Ct. at 1356, by "conclusory allegations," *Lujan*, 110 S.Ct. at 3180, by "unsubstantiated assertions," *Hopper v. Frank*, 16 F.3d 92 (5th Cir.1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir.1994).

The court resolves factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. The court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. *See Lujan*, 110 S.Ct. at 3188. Summary judgment is appropriate in any case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir.1993). If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted. *See Evans v. City of Bishop*, 238 F.3d 586, 588-89 (5th Cir.2000).

## Discussion

### *Plaintiff's Race Discrimination Claim*

Plaintiff's race discrimination claim is based on her belief that she was paid less than Lloyd and Mascagni upon termination of the Plan because of her race. The Court finds that plaintiff has failed to carry her burden of making a *prima facie* case of race discrimination. Though both Lloyd and Mascagni are white and received more upon termination of the plan, plaintiff has failed to show that they were similarly situated. As defendant points out, neither Lloyd nor Mascagni are similarly situated because they are both older than plaintiff and had a higher average pay. Accordingly, plaintiff cannot establish a *prima facie* case of race discrimination. Thus, all we are left with is plaintiff's mere belief that she has been the victim of race discrimination. An employee's self-serving generalized testimony stating her subjective belief that discrimination occurred is insufficient to create a jury issue or survive a motion for summary judgment. *Molnar v. Ebasco Constructors, Inc.*, 986 F.2d 115, 119 (5th Cir. 1993).

Even if plaintiff could establish a *prima facie* case of race discrimination, defendant has asserted a non-discriminatory reason why Lloyd and Mascagni received a larger retirement

4

benefit. Specifically, a race neutral formula for determining retirement benefits under the Plan, as well as under the IRS regulations, was used for each Plan participant. Plaintiff has brought forth no evidence of pretext. Indeed, she has produced no evidence whatsoever to rebut Wyatt's affidavit testimony that the race of individual Plan participants was not known by Watson Wyatt employees. Moreover, as defendant points out, plaintiff's deposition testimony indicates she merely assumed that Lloyd and Mascagni received more because they were white.

Defendant also argues that plaintiff's Title VII claim should be dismissed under the doctrine of laches due to the passage of time between the initial filing of here EEOC charge and the filing of this lawsuit. Because the Court finds plaintiff has failed to state a *prima facie* case of race discrimination, it is not necessary to discuss application of the laches doctrine to plaintiff's claim. Based on the foregoing, plaintiff's Title VII claim should be dismissed.

### *Plaintiff's EPA Claim*

The Equal Pay Act prohibits discrimination "between employees on the basis of sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions," 29 U.S.C. § 206(d)(1), or, stated otherwise, "demands that equal wages reward equal work." *Siler-Khodr v. University of Texas Health Science Center*, 261 F.3d 542, 546 (5th Cir.2001). To survive summary judgment, plaintiff must establish a *prima facie* case of sex-based wage discrimination by showing (1) that different wages are paid to employees of the opposite sex, (2) that the employees do equal work which requires equal skill, effort, and responsibility and (3) that the employees have similar working conditions. *Corning Glass Works v. Brennan*, 417 U.S. 188, 195, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974); *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir.1993); 29 C.F.R. § 1620.13 (c).

In this case, the only individuals identified by plaintiff as having received a higher wage than she are Lloyd and Mascagni, who are both females. Plaintiff has failed to bring forth any evidence that a similarly situated male employee was paid more than she. Based on this, plaintiff has failed to state a *prima facie* case under the Equal Pay Act, and her claim should be dismissed.

### *Plaintiff's Age Discrimination Claim*

The ADEA, as amended, makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a) (West 2005). An employee who is younger than 40 is outside the class of older workers as defined by the ADEA. 29 U.S.C. § 631(a). In disparate treatment claims, liability depends on whether age motivated the employer's decision. *See Reeves v. Sanderson Plumbing Products, Inc.*, 120 S.Ct., 2097, 2105 (2000).

In this case, plaintiff has failed to show that she was treated differently than someone outside the protected class or someone younger than she, as Lloyd and Mascagni are both over 40 and older than plaintiff. Nor has plaintiff brought forth any summary judgment evidence beyond her conclusory allegations that she was otherwise treated differently because of her age. Based on this, plaintiff has failed to state a *primae facie* case of age discrimination. *See Fields v. J.C. Penney Co.*, 968 F.2d 533, 536 n. 2 (5th Cir. 1992). The Supreme Court has recently held that "the text, structure, purpose, and history of the ADEA, along with its relationship to other federal statutes, . . . show[s] that the statute does not mean to stop an employer from favoring an older employee over a younger one." *General Dynamics Land Systems, Inc. v. Cline*, 124 S.Ct. 1236, 1248-49, 157 L. Ed. 2d 1094 (2004). Thus, because Lloyd and Mascagni are both older, plaintiff's claim fails.

6

*Plaintiff's ERISA Claim*

Defendant argues that plaintiff's ERISA claim is barred by a three-year statute of limitations. Specifically, defendant contends that based on the date of plaintiff's EEOC charge, she discovered what she believed to be a violation as early as July 1998. And, because she did not file her Complaint until March 2, 2004, her ERISA claim is barred.

ERISA's statute of limitations, Section 413(a), 29 U.S.C. § 1113(a), provides that ERISA claims generally may be commenced the earlier of six years after the breach or three years after the actual knowledge of the breach. In *Maher v. Shipping Co.*, 68 F.3d 951 (5 th Cir.1995), the Fifth Circuit reiterated its adoption of the Third Circuit's test for applying the three-year time bar and explained that "actual knowledge" means:

> actual knowledge of all material facts necessary to understand that some claim exists, which facts could include necessary opinions of experts, knowledge of a transactions's harmful consequences, or even actual harm.

*Maher*, 68 F.3d at 954, quoting *Gluck v. Unisys Corp.*, 960 F.2d 1168, 1177 (3 rd Cir.1992).

The Maher Court then recognized that the Third Circuit had elaborated its definition of "actual knowledge" to require:

> a showing that plaintiffs actually knew not only of the events that occurred which constitute the breach or violation but also that those events supported a claim for breach of fiduciary duty or violation under ERISA.

*Maher*, 68 F.3d 954, quoting *Int'l Union v. Murata Erie North America*, 980 F.2d 889, 900 (3 rd Cir.1992).

Based on the foregoing, the Court concludes that it has not been shown that plaintiff had actual knowledge of an ERISA violation at the time she filed her EEOC charge. Nonetheless, as defendant argues, plaintiff has failed to state an ERISA violation. Defendant has brought forth summary judgment evidence demonstrating that plaintiff's retirement benefit was paid in

accordance with the Plan. Plaintiff has provided no evidence whatsoever contradicting this and has testified she is unable to articulate the basis of her ERISA claim. Accordingly, plaintiff's ERISA claim should be dismissed.

## **Conclusion**

For the reasons articulated above, there exist no issues for trial in this case, and defendant is entitled to judgment as a matter of law. A final judgment consistent with this opinion will be entered.

**SUBMITTED THIS,** the 16th day of May, 2005.

                                                    **/s/ Eugene M. Bogen**
                                                    **U. S. MAGISTRATE JUDGE**